UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE LOPEZ, by his wife and next best friend, Sandra Cardiel,<br><br>      Plaintiff,<br><br>      v.<br><br>STEVAN VIDLJINOVIC, *et al.*,<br><br>      Defendants. | Case No. 12-cv-5751<br><br>Judge John Robert Blakey |

### MEMORANDUM OPINION AND ORDER

This matter is set for a jury trial on February 6, 2017 [155]. On January 30, 2017, the Court held a Final Pretrial Conference and ruled upon: (1) various issues implicated by parties' Proposed Pretrial Order [161]; (2) the parties' motions *in limine* [164] [165]; (3) Plaintiff's Motion To Compel the Testimony of Mayor Rahm Emanuel [159]; (4) Defendants' Motion To Bifurcate [162]; and (5) Plaintiff's oral motion to amend his complaint. The Court summarized its oral rulings from the Final Pretrial Conference in a written pretrial Order [177].

Plaintiff has now filed a Motion For Clarification, Or, In The Alternative, For Reconsideration [176]. Plaintiff seeks multiple forms of relief in the present motion, which the Court addresses in order.

### I. Defendants' Motion To Bifurcate

Plaintiff's first issue concerns the Court's decision to bifurcate the trial into separate phases for liability and damages (if necessary). As previously explained

[177], under Federal Rule of Civil Procedure 42(b) and Seventh Circuit precedent, the Court resolves bifurcation requests under the traditional procedure: "First, the trial judge must determine whether separate trials would avoid prejudice to a party or promote judicial economy. Only one of these criteria—avoidance of prejudice or judicial economy—need be met before a court can order separation. Next, the court must be satisfied that the decision to bifurcate does not unfairly prejudice the non-moving party. Finally, separate trials must not be granted if doing so would violate the Seventh Amendment." *Fetzer v. Wal-Mart Stores, Inc.*, No. 13-cv-9312, 2016 WL 6833912, at *3 (N.D. Ill. Nov. 21, 2016) (internal quotation omitted).

Bifurcation here serves to avoid unfair prejudice to Defendants. In this case, as in *Fetzer*, Defendants note that the jury "may improperly consider purely damages evidence when assessing the issue of liability." *Id.* And, as in *Fetzer*, this concern is well-founded given the serious nature of Plaintiff's injuries. *Id.* There is also no Seventh Amendment problem here, as the Court will empanel the same jury for both phases, if necessary.

Plaintiff nevertheless seeks reconsideration of this Court's bifurcation ruling, because he believes that he will be prejudiced if the jury, when analyzing "the nature and quality of the intrusion by the officers," is precluded from considering "the severity of the brain injury inflicted on Jose Lopez." [176] at 5. Plaintiff is incorrect.

Whether Defendants are liable for utilizing excessive force depends upon the objective reasonableness of the force used, in light of the pertinent context and

2

reasonably foreseeable harms. As such, the issue of liability turns upon the reasonableness of the force employed by the Defendants, rather than any unforeseeable results that flowed from that force. *See Sherrod v. Berry*, 856 F.2d 802, 804-05 (7th Cir. 1988) ("When a jury measures the objective reasonableness of an officer's action, it must stand in *his* shoes and judge the reasonableness of his actions based upon the information he possessed and the judgment he exercised in responding to that situation.") (emphasis in original).

Here, the question of force concerns the use of the Taser: Defendant Vidljinovic used his Taser on Plaintiff once. [177] (noting the parties' stipulation that "Officer Vidljinovic tasered Jose Lopez"). The first phase of trial will determine, *inter alia*, whether that decision was objectively reasonable. Consequently, the general risks presented by Tasers remain relevant to the question of whether it was objectively reasonable for Defendant Vidljinovic to utilize his Taser in this instance. Similarly, the fact that Plaintiff actually did fall to the ground and hit a hard surface remains relevant to the question of whether Defendants' behavior was objectively reasonable.

In this case, however, the extent of Plaintiff's injuries, and his long-term suffering resulting from his fall, are not part of the reasonably foreseeable analysis; and thus Plaintiff must reserve such evidence for the damages phase of trial. *See Mineo v. City of N.Y.*, No. 09-cv-2261, 2013 WL 1334322, at *2 (E.D.N.Y. Mar. 29, 2013) (The "evidence relevant to the damages issue could have a prejudicial impact upon the jury's liability determination . . . [h]eaping on additional evidence related

3

to damages will only heighten the prejudice to defendant . . . and may result in a jury verdict that is based on considerations wholly separate and apart from issues of liability."). Given the facts at issue here, the extent of Plaintiff's physical injuries are simply not probative to the reasonableness of the force employed, because the Plaintiff's degree of force allegations concern the type of force, rather than the amount of force. Plaintiff does not claim that the "amount" of force used here was excessive (*i.e.*, there is no allegation any Defendant hit Plaintiff on the head with an object or otherwise threw him to the ground). Instead, Plaintiff's alleged theory of damages flows from the "type" of force, that is, the purportedly unreasonable decision to use the Taser, which caused him to "crash to the ground, striking his head violently on the sidewalk, and to cry out with horrible sounds and groans of pain." Fourth Amended Complaint, ¶¶ 44, 50 [56].[1] ("Defendant STEVAN VIDLJINOVIC tasered JOSE LOPEZ causing him to fall face first and his head to strike with such violent force that he sustained a skull fracture.").

Moreover, to the degree that any evidence remains relevant to both damages and liability, Plaintiff may explore such evidence during the liability phase upon obtaining leave of Court at sidebar. As the Court previously explained:

> There is no "time frame" or other temporal limitation on evidence and argument available to the parties during either phase. Instead, the governing delineation is between evidence or argument which goes to liability, and evidence or argument which goes to Plaintiff's damages. To the extent either party intends to raise an argument or introduce evidence which is potentially relevant to both

---

[1] [56] also alleges Defendants "violently turned him face down on the sidewalk" while handcuffing him, but no evidence or expert medical testimony proffered by Plaintiff connects this allegation to his injuries.

4

> inquiries, that party must first raise the issue with the Court at sidebar.

[177] at 13. In light of the above, the Court denies Plaintiff's motion to reconsider bifurcation.

## II. Plaintiff's Motion to Amend

Plaintiff also renews his oral motion to amend his complaint, originally made for the first time during the Final Pretrial Conference. Plaintiff is seeking to add new claims for his wife and four children under 42 U.S.C. § 1983. Federal Rule of Civil Procedure 15(a) provides that if a party is not entitled to amend a pleading as a matter of course, it may amend "with the opposing party's written consent or the court's leave" and the court normally gives leave freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). Under long-standing precedent, however, trial courts "in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) ("[T]he longer the delay, the greater the presumption against granting leave to amend.") (internal quotations omitted).

In light of the foregoing principles, this Court denies Plaintiff renewed request to amend. Plaintiff filed this case in 2012 [1]. Plaintiff has amended his complaint three times since then, with the operative complaint filed in July of 2013 [56]. Discovery closed in July of 2015 [88], with limited depositions wrapping up later that year [108]. The parties fully briefed, and the Court issued written opinions resolving, two separate dispositive motions [157, 158]. The parties have

5

already engaged in extensive trial preparation, as evidenced by their filings in advance of the Final Pretrial Conference [159, 162, 164, 165].  In short, this case is ready for trial, yet Plaintiff waited until now to seek to add five new parties, with no adequate justification for this delay and at substantial prejudice to the Defendants.  Based upon the record, this Court again denies Plaintiff's request to amend.

### III. Plaintiff's "Empty Chair" Problem

Finally, Plaintiff notes that in light of: (1) the Court's previous ruling regarding bifurcation; (2) the Court's previous ruling regarding Plaintiff's "day in the life" video; and (3) Plaintiff's own medical limitations that may preclude him from attending trial, he is facing an "empty chair" problem.  If Plaintiff is incapable of attending trial, the Court will consider issuing a limiting instruction to the jury to address this concern.  The parties should be prepared to discuss any potential limiting instructions, and any other issues they may have, at 9:30 a.m. on February 6, 2017.

## IV. Conclusion

Plaintiff Jose Lopez's Motion For Clarification, Or, In The Alternative, For Reconsideration [176] is granted in part and denied in part. The Court's prior ruling that this trial shall be bifurcated into separate liability and damages phases stands. The Court's prior ruling denying Plaintiff's motion to amend stands. The Court, cognizant of Plaintiff's "empty chair" concern, grants the present motion for clarification in part, and will consider a proper limiting instruction if needed. All previously set dates to stand.

Dated: February 3, 2016

Entered:

_____
John Robert Blakey
United States District Judge