IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE LOPEZ, by his wife and next best friend, Sandra Cardiel, | ) ) ) | Case No. 12 cv 5751 |
| Plaintiff, | ) ) | Hon. John Robert Blakey, |
| v. | ) ) | Judge Presiding. |
| STEVAN VIDLJINOVIC, Star No. 4051, et al., | ) ) ) | |
| Defendants. | ) | JURY DEMANDED |

PLAINTIFF"s REPORT ON STATUS
AND PLAINTIFF"s MOTION FOR DIRECTION
AND/OR GUIDANCE FROM THE COURT

Now comes plaintiff, José Lopez, by and through his attorney, John P. DeRose of John P. DeRose & Associates, and tenders this report on the status of drafting the documents to memorialize the binding agreement reached in this cause and/or motion for direction and guidance from the Court with reference how to proceed in the circumstances:

1. Pursuant to the Order[1] of this Honorable Court entered on February 24, 2017:

> Parties have reached a binding agreement on the record. Case dismissed without prejudice. Dismissal will convert to a dismissal with prejudice upon notice that the parties have executed final settlement documents and funding.

---

[1] Document #: 197

2. Since the entry of that Order, certain disagreements have arisen among plaintiff's counsel themselves and between plaintiff's counsel and their clients delaying progress in drafting and executing the final settlement documents and funding in this cause.

3. Plaintiff's counsel John P. DeRose has always made it clear, both in writing and verbally, to the mothers of the children of José Lopez and to his adult children that he will not take sides in any conflict of interest between or among them.

4. Because of the apparent conflict of interests among the mothers and the children of José Lopez, John P. DeRose has advised them to consult with different counsel to resolve the differences between them.

5. On information and belief, the mothers and the children of José Lopez were referred by Attorney Franco N. Carone to another attorney whose contact information he refused to provide to John P. DeRose.

6. John P. DeRose, counsel for José Lopez did finally determine and made telephonic contact with the attorney who met with the mothers and the children of José Lopez, whose identity is:

> Attorney Alan T. Kaminsky
> 220 East North Ave.
> Northlake, IL 60164-2525
> (708) 531-0101 #5 phone
> (708) 531-0591 fax
> atklaw@prodigy.net

7. Since the date of that initial telephonic contact and an email immediately following thereafter, counsel for José Lopez has had no further contact with Mr. Kaminsky.

8. At the Final Pretrial Conference in this cause, the Court made it very clear that the above-captioned litigation only concerned itself with the losses suffered by plaintiff, José Lopez:

> MR. DeROSE: Judge, I am going to put on children who are going to say the impact he has had on –
>
> THE COURT: No, you're not. No, you're not. What is that relevant to? You do not have a claim for their damages.
>
> MR. DeROSE: Judge, he has a claim to the extent he is not able to support his children anymore. They have changed his life. He was a good father. His children, they were cared for by him. They were loved by him. They –
>
> THE COURT: Those all might be true, Counsel, but you do not have a pending claim for their damages. So what is the relevance of that?
>
> MR. DeROSE: The relevance is his claim, Judge.
>
> THE COURT: How is that relevant to his claim? The loss that they suffered, how is that relevant to the estate's claim?
>
> MR. DeROSE: Not their -- not their loss, Judge, his loss. His loss of his ability to be the caring and nurturing father of children. We all took that responsibility very seriously.
>
> THE COURT: You're not going to backdoor damages suffered by the family. That will not happen under 403. That will not happen. It has to be relevant to the damages that are pending. I don't know why you don't have a claim for their damages, but that's water under the bridge.

(Final Pretrial Conference Report of Proceedings, January 30, 2017, pp. 64:25 to 65:24).

9. Counsel for the parties already missed the deadline last month in order to get the settlement in the above-captioned case approved by the Chicago City Council.

10. Neither Sandra Cardiel, nor her children, nor Guadalupe Guzman for her minor children, nor Attorney Alan T. Kaminsky, nor Attorney Franco N. Carone have tendered any information to John P. DeRose, counsel for José Lopez about what actions are being taken by them although often requested to do so.

11. Counsel for the City of Chicago have indicated that they will not draft the documents memorializing the settlement in this cause and funding will not be accomplished until and unless an estate is open for José Lopez in the Probate Court of Cook County.

12. Counsel for the City of Chicago has further cautioned Attorney John P. DeRose that were he to open an estate for José Lopez in the Circuit Court of Cook County that might just delay the matter even longer if it turned out that there were two different estates opened.

13. The matter appears to be at a standstill at this point.

14. Counsel for José Lopez is planning to take his long delayed vacation to Florida commencing on March 31, 2017, and seeks this Honorable Court's guidance and aide in moving the matter forward toward resolution.

WHEREFORE, John P. DeRose, counsel for plaintiff José Lopez requests this Honorable Court to enter an Order requiring Sandra Cardiel, and her children, Guadalupe Guzman, Attorney Alan T. Kaminsky, and Attorney Franco N. Carone to advise the court and counsel for the parties in the cause concerning what, if any actions they are taking in this matter so that documents settling this cause can be drafted and forwarded to the Chicago City Council for approval and funding.

                Respectfully submitted,

                /s/John P. DeRose
                John P. DeRose

John P. DeRose & Associates
15 Spinning Wheel Road
Suite 428
Hinsdale, IL 60521
(630) 920-1111 phone
(630) 920-1170 fax
john@johnderoselaw.com