IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE LOPEZ, by his wife and next best friend, Sandra Cardiel, | ) ) ) | Case No. 12 cv 5751 |
| Plaintiff, | ) ) | Hon. John Robert Blakey, |
| v. | ) ) | Judge Presiding. |
| THE CITY OF CHICAGO, et al., | ) ) ) | |
| Defendants. | ) | JURY DEMANDED |

**Motion Requesting an Order Setting the Attorney's Fees
for Plaintiffs Counsel in Accordance with
The Contingency Fee Agreement Entered in the Cause**

  Now, the attorneys for the plaintiff, JOSE LOPEZ in the above-captioned cause, John P. DeRose and Caitlyn F. DeRose of John P. DeRose & Associates and Franco N. Carone of the Carone Law Offices, and respectfully move this Honorable Court for an order setting the attorneys' fees to be paid to plaintiff's counsel in the above-captioned cause. In support of said Motion, it is averred as follows:

  1. After the above-captioned matter had proceeded through a three-week jury trial that commenced on February 6, 2017, the parties reached a binding agreement with the assistance of this Honorable Court on February 24, 2017. (Document #: 197).

  2. Pursuant to that agreement, the City of Chicago is to pay $9,500,000 that includes a structured settlement for José Lopez and compensation to his attorneys for their services rendered in this cause.

3.     On July 20, 2012, plaintiff's counsel entered into a Contingency Fee Agreement signed by Sandra Cardiel and Guadalupe Guzman wherein counsel agreed to represent José Lopez in the above-captioned cause for "Forty (40%) percent of any amount recovered" on his behalf in the above-captioned litigation. (A copy of the Contingency Fee Agreement is attached hereto and made a part hereof as Exhibit "A").

4.     In an Addendum to the Contract, plaintiff's counsel, Sandra Cardiel, and Guadalupe Guzman agreed that any fees awarded would be credited to the forty percent contingency. (A copy of the Addendum to the Contingency Fee Contract Where Statutory Attorney's Fees May Be Awarded is attached hereto and made a part hereof as Exhibit "B").

5.     An estate has now been opened by Attorney Alan T. Kaminski in the Circuit Court of Cook County for José Lopez, a/k/a John Nevarez and Guardianship Estates for Nanum Alexander Guzman and Tias Isabel Guzman, the minor children of José Lopez and hearings are set for June 13 and 15, 2017 for the respective estate.

6.     Local Rule 12.15(d)(i) of the Probate Division of the Circuit Court of Cook County requires the state court to defer to this Court's determination of the appropriate amount of fees to be paid to plaintiff's counsel.

7.     On March 24, 2017, plaintiff's counsel wrote to Mr. Kaminski stating, among other things, the following:

> Although we do not expect that the Probate Judge will
> become involved in any decision regarding our contractual

> Contingency Fee Agreement with our clients that we receive 40% of the settlement proceeds realized in the case, some of my compatriots in civil rights litigation have indicated that they ran into some difficulty before Cook County Probate Court Judges in allowing their contingency fee contracts … to be honored.

8. In response to that observation, Mr. Kaminski wrote:

> As to Plaintiff's contingency fees, you are essentially standing as a creditor against the estate, and as such, we are therefore somewhat conflicted on the issue of Plaintiff's fees, so I likely cannot specifically advise you as to the attorney's fee claim, other than to direct your attention to Rules 6.4(b) and 12.15(d) of the Circuit Court of Cook County. I can tell you, however, that the anecdotal reports from your colleagues in Federal District Court are generally true.

9. After researching the matter, plaintiff's counsel wrote again to Mr. Kaminski on May 26, 2017, stating among other things, the following:

> It is our contention that we are more than "creditors of the estate". We contend that we are the creator of an estate for José Lopez totaling $5,700,000, representing 60% of the amount realized in the settlement of the litigation during the jury trial in federal court. When finally settlement funds are released in the federal court proceedings, we, plaintiff's counsel are entitled to $3,800,000 according to our contingency fee agreement.

10. Plaintiff's counsel is fearful that the state court, if asked to set attorneys' fees in the first instance, will apply Illinois law applicable to medical malpractice cases. 735 ILCS 5/2-1114 provides that in all medical malpractice actions the total contingent fee for plaintiff's attorney or attorneys shall not exceed 33 1/3% of all sums recovered. Under the medical malpractice statute, attorneys may recover fees of one-third of the first $150,000 of the award and one-fourth of

3

the next $850,000. Section 2–1114 allows an attorney to recoup additional fees if "an attorney performs extraordinary services involving more than the usual participation in time and effort." 735 ILCS 5/2–1114(c) (West 2008).

## ARGUMENT

Plaintiff's counsel contends that they are much more than "creditors of the estate". Right now, before the distribution of the settlement proceeds, José Lopez has nothing and no estate. Without the work done by plaintiff's counsel in *José Lopez v. The City of Chicago* in Federal court, there would be no "estate" created.

By the Contingency Fee Agreement and the Addendum to the Contingency Fee Contract Where Statutory Attorney's Fees May Be Awarded employed in this case, José Lopez and his estate are to receive 60% of the settlement proceeds and plaintiff's counsel are to receive 40% of those proceeds. Plaintiff's counsel have used these documents as the standard basis in representing plaintiffs civil rights litigation for many years. Upon approval by the Chicago City Council and the release of the settlement funds[1], José Lopez will have an estate of $5,700,000 by the contingency fee agreement. Plaintiff's counsel are to receive $3,800,000 pursuant to that contingency fee agreement.

### The Observations of This Honorable Court Should Be Controlling in This Case

It is respectfully contended that when an attorney prevails on a jury trial in a civil rights case tried in the federal courts after years of preparation, federal law

---

[1] Counsel for the Defendants advises that the earliest the matter can be presented for consideration and approval of the settlement will be at the September 2017 meeting of the Chicago City Council.

and precedent rather than Illinois statutory authority should be controlling. This Honorable Court presided over the jury trial in this cause and observed the efforts expended by plaintiff's counsel in the presentation of evidence. Having observed the effort needed to create the estate for José Lopez, it is this Honorable Court who should set plaintiff's attorneys fees in this cause.

This Honorable Court inquired at the commencement of settlement negotiations on February 24, 2017 concerning the attorneys' fees that plaintiff's counsel had accumulated pursuant to the contemporaneous time records that they had kept in the cause. Upon the settlement of the cause, the Court has not been asked to make an attorney's fee award based on the holdings in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) and its progeny because application of the lodestar methodology would fall far short of a reasonable fee to which plaintiff's counsel are entitled based upon the results achieved for José Lopez.

### United States Supreme Court Acknowledges Contingency Fee Agreements To Test Reasonableness of Attorney's Fee Awards

Of course, the prevailing party in civil rights litigation may recover reasonable attorneys' fees pursuant to 42 U.S.C. § 1988. To determine a reasonable fee, the district court uses the lodestar method, multiplying the "number of hours reasonably expended on the litigation ... by a reasonable hourly rate." *Hensley*, 461 U.S. at 433, 103 S.Ct. 1933. The lodestar approach forms the "centerpiece" of attorneys' fee determinations, and it applies even in cases where the attorney represents the prevailing party pursuant to a contingent fee agreement. *Blanchard*

5

*v. Bergeron*, 489 U.S. 87, 94, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989). There is a strong presumption that the lodestar calculation yields a reasonable attorneys' fee award. Accord *Perdue v. Kenny A.*, 559 U.S. 542, 130 S.Ct. 1662, 1676, 176 L.Ed.2d 494 (2010); *Eddleman v. Switchcraft, Inc.*, 927 F.2d 316, 318 (7th Cir.1991).

In *Venegas v. Mitchell*, 495 U.S. 82, 88, 110 S.Ct. 1679, 1682-83 (1990), United States Supreme Court had occasion to address the propriety of an attorney contract in a civil rights litigation, in which client agreed the attorney would collect 40% of the gross amount of any recovery, plus the right to apply for and collect any attorney fee award under 42 USC §1988 noting:

> We have never held that §1988 constrains the freedom of the civil rights plaintiff to become contractually bound to pay an attorney a percentage of the recovery, if any, even though such a fee is larger than the statutory fee that the defendant must pay the plaintiff…. [W]e have therefore accepted, at least implicitly, that statutory awards of fees can coexist with private fee arrangements." …[D]epriving plaintiffs the option of promising to pay more than the statutory fee if that is necessary to secure counsel of their choice would not further §1988's general purpose of enabling such plaintiffs in civil rights cases to secure competent counsel. *Venegas*, 495 U.S. at 90, 110 S.Ct. at 1684.

In *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002), the United States Supreme Court considered a 25% contingency fee agreement that was in line with the statutory limits involving Social Security litigation. Of course, there are no statutory limits imposed in the instant cause.

The *Gisbrecht* court reversed the Ninth Circuit and other District Court opinions overriding customary attorney client contingency fee agreements and replacing them with legislative statutory ceilings and caps:

> ...Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. ...Although the contingency agreement should be given significant weight in fixing a fee, a district judge must independently assess the reasonableness of its terms....In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.(All internal citations omitted).

*Gisbrecht*, 535 U.S. at 808.

In support of the instant motion and to aid the court's assessment of the reasonableness of the fee yielded by the fee agreement, plaintiff's counsel are submitting the fully executed Contingency Fee Contract, it's Addendum and Acknowledgments, and their Contemporaneous Time Records and third party affidavits, some of which will be filed as a supplement because they had not been received by the time of filing this Motion.

### Seventh Circuit Court of Appeals Precedent Acknowledges Contingency Fee Agreements

In *Pickett v. Sheridan Health Care Center*, 664 F.3d 632, 645 (7th Cir. 2011), the Seventh Circuit Court of Appeals acknowledged the importance of the contingency fee agreement in a civil rights case, concluding:

> [A] district court may not reduce an attorney's hourly rate or disregard third party affidavits based on the existence of a contingent fee agreement.

### Illinois Judicial Precedent Provides for an Enhanced Fee Under Contingency Fee Agreement for Extraordinary Results

In *Wells v. St. Bernard's Hospital*, 2013 IL App (1st) 113512, 987 N.E.2d 1001, 370 Ill.Dec. 235, the Illinois Appellate Court, after listing "factors to be considered in determining the reasonableness of a fee" pursuant to the Illinois Rules of Professional Conduct, held that attorneys who achieve extraordinary results on behalf of their client are entitled to an enhanced fee under a contingency fee agreement. *Wells,* 987 N.E.2d at 1011, 370 Ill.Dec. at 245.

In the instant cause, Sandra Cardiel, the wife and next best friend of José Lopez and Guadelupe Guzman, the mother of his two minor children signed the contingency fee agreement on behalf of plaintiff because of his inability to do so himself. Often counsel represent a plaintiff who is not able to consent to a contingency fee because of the injuries the plaintiff has sustained given rise to the civil rights case. The *Wells* court observed:

> A party's inability to give consent is not one of the enumerated factors courts use in determining whether or not an attorney performed the extraordinary services necessary to receive enhanced fees. (Internal citations omitted).

*Wells*, 987 N.E.2d at 1013, 370 Ill.Dec. at 247.

In *McNiff v. Mazda Motor of America, Inc.*, 384 Ill.App.3d 401, 406, 892 N.E.2d 598, 322 Ill.Dec. 961 (4th Dist 2008), the Illinois Appellate Court sustained

8

sustained the award of the enhanced fee to counsel based on a contingency fee agreement holding:

> Contingency-fee agreement between plaintiff-client and her attorneys, providing that any attorney fees awarded by court, as against the defendants, based on the actual time spent on the case by attorneys, would be credited against the contingent fee agreed to and would reduce the amount of the contingent fee owed by the client, did not provide for a double payment to counsel ....

### Plaintiff's Counsel Seeks an Award of Attorney's Fees Only under the Contingency Fee Agreement Rather Than the Lodestar Method

Following the advice of several Federal District Court judges before whom he has had the honor and privilege to present civil rights litigation indicating that contests over attorney's fees are a tremendous drain on judicial economy and a waste of judicial time, if memory serves him right, plaintiff's lead counsel believes that he has only submitted a fee petition in two circumstances under the *Hensley* principles in the many years of representing clients in human rights litigation. Plaintiff's counsel are not seeking a double recovery in this cause.

Appreciating that based on the case law set out above, a contingency fee contract and attorney's fees as awarded by the court under the *Hensley* principles can coexist, and appreciating that reviewing courts have found contingent fees "problematic" and that "controls are needed to 'reduce financial incentives that encourage lawyers to file unnecessary, unwarranted[,] and unmeritorious suits'"[2],

---

[2] *Gisbrecht*, 535 U.S. at 803-4.

plaintiff's counsel has always advised clients that they would receive a credit against the 40% contingent fee agreed to would be reduced by any other amounts recovered by suit or settlement to benefit them and they void a double payment.

    WHEREFORE, plaintiff's counsel respectfully request this Honorable Court enter an order setting the attorneys' fees to be paid to plaintiff's counsel in the above-captioned cause in accordance with the Contingency Fee Agreement entered in the matter granting them 40% of the settlement fees recovered for the estate of José Lopez.

Respectfully submitted,

S/ John P. DeRose
John P. DeRose
One of Plaintiff's Lawyers


John P. DeRose & Associates
15 Spinning Wheel Road
Suite 428
Hinsdale, Illinois  60521
(630) 920-1111 Office
(630) 920-1170 Fax
jdrlaw@sbcglobal.net